UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JACK WADE WARREN**<br>**REG. # 13477-077** | : | **DOCKET NO. 2:20-cv-1277**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **RODNEY MYERS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241, by Jack Wade Warren. Doc. 1. Warren is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons that follow, Warren's petition should be **DENIED** and **DISMISSED**.

**I.**
**BACKGROUND**

*A. Procedural Background*

On June 15, 2020, Warren filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. Doc. 1. On August 17, 2020, the undersigned issued an order transferring the matter to the Northern District of Texas (NDTX), finding that petitioner was challenging a form of custody other than his current physical confinement. Doc. 4. On September 17, 2020, the United States Parole Commission ("USPC") filed a response in the NDTX, in opposition to the

petition, challenging the jurisdiction of that court as well as addressing the merits of petitioner's claims. Doc. 11.

That NDTX ultimately transferred the matter back to this court after finding that, because petitioner's detainer is from the USPC and not state authorities, the only court with jurisdiction to consider the petition and grant relief pursuant to 28 U.S.C. § 2241 is the Western District of Louisiana. Doc. 17. The petition is now ripe for review before this court.

### B. *Factual Background*

The respondent in the Northern District of Texas set forth the following factual background:

> Petitioner, [sic] was convicted in this Court [NDTX] of being part of a conspiracy to possess and distribute cocaine on May 25, 1984. (App[1], pp, 2; 16). This Court sentenced Petitioner to a parole eligible sentence of twelve years to be followed by an eight year term of special parole. (App. p. 18). The United States Parole Commission ("USPC") first paroled Petitioner on January 12, 1987. (App. p. 20). When Petitioner was paroled on January 12, 1987, Petitioner was scheduled to remain on parole until May 27, 1996 at which point Petitioner would then commence his eight year term of special parole. (App. p. 21).
>
> On October 15, 1993, the USPC issued a warrant for Petitioner's arrest for violating the terms of his parole by leaving his assigned district without the permission of his supervising officer. (App. pp. 23-24). The USPC's warrant was executed on October 22, 1993. (App. p. 17). The USPC then revoked Petitioner's parole and ordered that he serve five months in prison before re-parole on March 15, 1994. (App. p. 25). The USPC used its discretion to terminate Petitioner's term of parole on his twelve year sentence scheduled to expire on May 27, 1996, and applied the five months of confinement to Petitioner's eight year term of special parole. (App. p. 17). Therefore, when Petitioner was re-paroled on March 15, 1994, Petitioner was to remain on special parole until October 21, 2001. (App. pp. 17; 26).
>
> On May 7, 1996, the USPC issued a warrant for Petitioner's arrest for violating the terms of his parole after Petitioner's conviction in the Middle District of Florida for: (1) conspiracy to commit mail fraud; (2) mail fraud; (3) conspiracy to obstruct commerce by extortion and threats of physical violence; (4) conspiracy to obstruct justice; and (5) obstruction of justice. (App. pp. 28; 29; 30-31). On February 9, 1999, the Bureau of Prisons (BOP)

---

[1] The Appendix to which respondent cites as quoted herein is found at Docs. 12 and 13 (sealed).

> lodged the USPC's warrant as a detainer. (App. p. 15). On March 4, 1999, the USPC notified Petitioner of his rights to have the USPC review the warrant that had been lodged as a detainer. (App. p. 37). On April 12, 1999, Petitioner's BOP's case manager returned the USPC's detainer review package to the USPC showing that Petitioner did not want to submit materials for the USPC's "on-the-record" review of the warrant that had been lodged as a detainer. (App. pp. 39-42). The USPC then conducted the on-the-record dispositional review of Petitioner's warrant lodged as a detainer on June 3, 1999. (App. pp. 43-45). The USPC decided to let the detainer stand and instruct the BOP not to execute the warrant until Petitioner completed his sentence in Case No. 95-209CR-ORL-22. (App. pp. 43-45). The USPC notified Petitioner of its decision on June 8, 1999. (App. p. 46). Approximately 18 years later, the USPC corrected a clerical error reflecting that Petitioner's term of special parole was imposed by the Middle District of Florida rather than the correct district of the Northern District of Texas on both the warrant application and warrant dated May 7, 1996. (App. pp. 47-48).
>
> Petitioner has been incarcerated at Federal Correctional Institution Oakdale from May 24, 2018 until present. (App. p. 49).

Doc. 11, pp. 1-3.

## II.
## LAW & ANALYSIS

### A. Section 2241

A Section 2241 petition filed on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### B. Application of Section 2241 to Warren's Petition

> **a. The USPC's issuance of a warrant for petitioner's arrest for violating the terms of his special parole does not violate the Double Jeopardy Clause of the Fifth Amendment.**

Petitioner first argues that the USPC's issuance of a warrant for his arrest for violating the terms of his special parole violates the Double Jeopardy Clause because he is already serving a

sentence for those violations from Case No. 95-209CR-ORL-22.  Document 1, p. 6.  However, the law is clear in holding that double jeopardy protections do not apply to parole revocation proceedings. *See Osborne v. U.S. Dist. Court, Southern Dist. of Miss.,* 132 F.3d 1456, 1997 WL 803105 *1 (5th Cir. 1997) (unpublished) ("The Double Jeopardy Clause does not apply to parole revocation hearings.") (citing *Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 46-47 (5th Cir. 1991)).  Accordingly, this claim is without merit.

> ### b. *The USPC properly reviewed the parole violator warrant, lodged as a detainer, on June 4, 1999, and notified petitioner that the USPC chose to let the detainer stand for execution upon his completion of his current sentence.*

Petitioner next claims that the USPC failed to provide him an opportunity to have a hearing to challenge the USPC's warrant dated May 7, 1996, after it was lodged as a detainer by the BOP on February 9, 1999. See Document 1, p. 6.

Section 2.47(b) of C.F.R. states that "[i]f the prisoner is serving a new federal sentence, [a commissioner], following a dispositional record review, may . . . [p]ursuant to the general policy of the [USPC,] let the warrant stand as a detainer and order that the revocation hearing be scheduled to coincide with the initial hearing on the new [parole eligible] federal sentence or upon release from the new sentence, whichever comes first."[2]  In the matter before this Court, the USPC notified petitioner that the warrant had been placed against him as a detainer and that he would have an opportunity to challenge it via the letter sent to him dated March 3, 1999. (Correspondence from Parole Commission to Warden Atlanta USP dated 3/4/99, doc. 13, pp. 32-33, ***Sealed***). Subsequent to the notification, petitioner's BOP case manager returned the USPC's detainer review package to the USPC showing that petitioner did not want to submit materials for the USPC's "on-the-

---

[2] In its response filed in the NDTX, the USPC notes that this rule was originally written when all federal sentences were parole eligible. Therefore, new law federal sentences (i.e. after November 1, 1987) are not parole eligible do not have initial parole hearings.  The default option in this scenario is to order the revocation upon release from the new sentence.

record" review of the warrant that had been lodged as a detainer. (Dispositional Review Package dated 4/12/99, doc. 13, pp. 34-37, **Sealed**). Because Petitioner declined representation or the opportunity to submit new materials, the USPC conducted the on-the-record dispositional review of Petitioner's warrant lodged as a detainer on June 3, 1999. *Id*. Ultimately, the USPC decided to let the detainer stand and instructed the BOP not to execute the warrant until Petitioner completed his current sentence in Case No. 95-209CR-ORL-22. (Notice of Action dated 6/8/99, doc. 13, p. 41, **Sealed**).

The USPC represented in his response to the instant petition that, while they later corrected the clerical error reflecting that Petitioner's term of special parole was imposed by the Middle District of Florida rather than the correct district of the Northern District of Texas, this correction did not prejudice petitioner in any way nor has he alleged any prejudice because the USPC's intent to have its warrant executed after he completes his current sentence remains the same. Doc. 11, p.7 (citing *U.S. v. Sapp*, 439 F.2d 817, 821 (5th Cir. 1971) (petitioner must show prejudice from a clerical error in order to obtain relief); *Short v. U.S. Parole Com'n, 549 F.Supp.* 118, 121 (D.D.C. 1982) (Petitioner failed to show "actual harm by the Commission's failure to provide the notice required by 18 U.S.C. § 4213" and could deny habeas petition)).

Because the USPC has complied with the requirements of 28 C.F.R. § 2.47 by informing Petitioner that the USPC's warrant had been lodged as a detainer, offering him an opportunity to obtain counsel, offering him an opportunity to challenge the detainer, and making an affirmative decision to let the detainer stand until Petitioner completes his current sentence from Case No. 95-209CR-ORL-22, any claim that USPC failed to provide him an opportunity to have a hearing to challenge the May 7, 1996 warrant, after it was lodged as a detainer by the BOP on February 9, 1999, is without merit. *See* 28 C.F.R. § 2.47(b).

      *c.* ***The USPC's issuance of a parole violator arrest warrant tolls the expiration of a term of parole until the warrant is executed.***

Petitioner's next allegation is that his sentence from Case No. CR4-83-138 has expired and the USPC's warrant lodged as a detainer should therefore be quashed. See Document 1, p. 2.

The Court of Appeals for the Fifth Circuit has previously examined the issue of whether the USPC's issuance of a warrant tolls the end of a term of parole and stated that:

> 18 U.S.C. § 4210, explicitly provide that "[t]he issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time...." 28 C.F.R. § 2.44 (1996). Not surprisingly, numerous courts facing similar challenges to the timeliness of federal parole revocation proceedings have concluded that '[w]hile a parole violators warrant must be issued within the maximum term of the sentence[,] ... it need not be executed during this period.

*Morrison v. Johnson*, 106 F.3d 127, 129-130 (5th Cir. 1997) (quoting *Cook v. United States Attorney General*, 488 F.2d 667 (5th Cir.), *cert. denied,* 419 U.S. 846 (1974)). Further, as long as the USPC holds a revocation hearing in a timely fashion after a warrant that has been lodged as a detainer has been executed, it retains the full authority to revoke parole and order an inmate to serve up to the maximum remaining term on his parole eligible sentence or term of special parole. See *Morrison*, 106 F.3d at 130, n. 3 (citing *Martin v. Luther*, 689 F.2d 109, 114 (7th Cir.1982) (interpreting the federal parole statute as a "temporal jurisdictional limitation" whereby the Parole Commission's supervisory authority over a parolee terminates upon expiration of the maximum term, although its jurisdiction over an alleged parole violation continues so long as the process commenced in a timely fashion).

The USPC states that when Petitioner was re-paroled to his term of special parole on March 15, 1994, he was scheduled to remain on special parole. (See Special Parole Certificate dated 3/14/94, doc. 13, p. 27, ***Sealed***). The USPC issued its warrant for Petitioner's parole violations on

May 7, 1996. (See Warrant Application and Arrest Warrant, dated 5/7/96, doc. 13, p.30, **Sealed**). Because the USPC issued its warrant before the expiration of Petitioner's term of special parole on October 21, 2001, Petitioner's remaining sentence from Case No. CR4-83-138 from the Northern District of Texas is tolled until the USPC's warrant lodged as a detainer is executed upon his completion of his current sentence from Case No. 95-209CR-ORL-22. Therefore, USPC argues, and this Court agrees, that Petitioner's claim that his sentence from Case No. CR4-83-138 has expired is without merit and should be denied. *See Morrison*, 106 F.3d at 129-130.

### d. *The USPC's issuance of a parole violator arrest does not violate the Eighth Amendment's provision against cruel and unusual punishment.*

Next, Petitioner claims that the USPC's issuance of his parole violator warrant violates the Eighth Amendment's protections against cruel and unusual punishment. See Document 1, p. 7.

The Eighth Amendment is, in general, a prohibition on the imposition of punishment that is grossly disproportionate to the severity of the crime. *See Gregg v. Georgia*, 96 S.Ct. 2909, 2925 (1976). The USPC contends, and the Court agrees, that its actions do not constitute the imposition of punishment. A parole hearing occurs after the end of a criminal prosecution, including the sentencing, and is not part of it. See *Morrissey v. Brewer*, 92 S.Ct. 2593, 2600 (1972). Furthermore, the issuance of a warrant, without more, is clearly not the imposition of punishment. Therefore, Petitioner's Eighth Amendment claim has no merit and should be denied.

### e. *Petitioner's Ex Post Facto claim should be dismissed.*

Finally, Petitioner claims that the USPC's issuance of his parole violator warrant violates the Ex Post Facto Clause of the U.S. Const. art. 1, § 9, cl. 3. See Document 1, p. 7.

The Ex Post Facto Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed. *Collins v. Youngblood*, 110 S. Ct. 2715, 2719 (1990). A statute retroactively increasing the penalties upon parole revocation

would also be unconstitutional. *Johnson v. United States*, 120 S.Ct. 1795, 1801 (2000). In the matter before this Court, Petitioner has not alleged any facts that would constitute a violation of the Ex Post Facto Clause. See Document 1, p. 1-12. Further, without explaining how or why, Petitioner makes a conclusory statement that the USPC violated the Ex Post Facto Clause. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, this claim is also without merit.

### III.
#### CONCLUSION

For the reasons provided above,

**IT IS RECOMMENDED** that the petition should be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion to Award/Issue the Writ of Habeas Corpus Pursuant to the Statute Evidenced at Title 28 USCS 2243 (doc. 20) be **DENIED** and **DISMISSED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-9-

THUS DONE AND SIGNED in Chambers this 25th day of January, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE